**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID MURPHEY, and** | ) | |
| **JESSICA MURPHEY** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ENHANCED RECOVERY COMPANY,** | ) | |
| **LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COME the Plaintiffs, DAVID MURPHEY and JESSICA MURPHEY, by and through their attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for their complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiffs state as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      DAVID MURPHEY, (hereinafter, "David") is an individual who was at all relevant times residing in the City of Wentzville, County of  Saint Charles, State of Missouri.

5.      JESSICA MURPHEY, (hereinafter, "Jessica") is an individual who was at all relevant times residing in the City of Wentzville, County of  Saint Charles, State of Missouri.

6.      The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Plaintiffs to Commerce Bank (hereinafter "Commerce").

7.      The debt that Plaintiffs allegedly owed Commerce relative to a bank account, the fund of which were used primarily for the personal use of Plaintiffs and/or for household expenditure.

8.      At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1692a(3).

9.      ENHANCED RECOVERY COMPANY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant is registered as a limited  liability company in the State of Florida.

10.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.      Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.      During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.      At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

2

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

### COUNT I: DAVID MURPHEY v. ENHANCED RECOVERY COMPANY, LLC

15.     David re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

16.     On or about December 15, 2010, Mr. Joe Fantroy, a duly authorized representative of Defendant initiated a telephone to David and engaged in a telephone conversation with David.

17.     Defendant informed David that he owed a debt to Commerce that he had to pay.

18.     Defendant told David that he knew where he lived and that he knew what type of cars David drove.

19.     Mr. Fantroy then stated "I am going to get you unless you pay this debt."

20.     Defendant then told David that he knew where he worked and that he was going to contact David's employer unless he paid the debt.

21.     At the time Defendant represented that it was going to contact David's employer, upon information and belief, Defendant had no intention to carry out the aforesaid conduct.

22.     At the time Defendant represented that it was going to contact David's employer, upon information and belief, Defendant had no power or authority to contact David's employer as carrying out the aforesaid conduct would have constituted an improper communication with a third-party regarding the debt that David allegedly owed .

3

23.     Defendant's statements as delineated above are neither statements made in an effort to seek payment from David nor statements made to further the collection efforts of Defendant.

24.     The natural consequence of Defendant's statements was to unjustly condemn and vilify David for his non-payment of the debt he allegedly owed Commerce.

25.     The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and David.

26.     The natural consequence of Defendant's statements was to cause David mental distress.

27.     From December 2010 to February 2011, and on multiple occasions therein, Defendant engaged in multiple telephone conversations with David.

28.     During the course of David's telephone conversations with Defendant, on multiple occasions, David asked Defendant to provide him with information regarding the debt he allegedly owed.

29.     On multiple occasions, Defendant informed David that it would provide him with documentation relative to the debt on which it was attempting to collect.

30.     Defendant's representations that it would provide David with documentation relative to the debt he allegedly owed were false, deceptive and/or misleading given that Defendant had not provided David with the aforesaid documentation.

31.     Defendant has not provided to David, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector.

      32.     In its attempts to collect the debt allegedly owed by David to Commerce,

Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

      a.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

      b.  Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

      c.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

      d.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

      e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

      f.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

      g.  Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

      h.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

      33.     As a result of Defendant's violations as aforesaid, David has suffered, and

continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

      WHEREFORE, Plaintiff, DAVID MURPHEY, by and through his attorneys, respectfully

prays for judgment against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II: JESSICA MURPHEY v. ENHANCED RECOVERY COMPANY, LLC

34.    Jessica re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein

35.    On or about December 15, 2011, Defendant initiated a telephone call to Jessica's cellular telephone number.

36.    On or about December 15, 2011, after receiving the aforementioned telephone call, Jessica initiated a telephone call to Defendant and engaged in a telephone conversation with a duly authorized representative of Defendant.

37.    The aforementioned telephone conversation was Defendant's initial communication with Jessica.

38.    During the aforesaid telephone call Jessica informed Defendant that she used her cellular telephone as a work number.

39.    Jessica then asked Defendant to remove her cellular telephone number from its call list as it was inconvenient for her to receive telephone calls on her telephone number as she used that telephone number for work.

40.    Jessica further told Defendant that her employer prohibited her from receiving telephone calls on her cellular telephone number while she was at work.

41.    Defendant responded by telling Jessica that it would only remove her cellular telephone number from its call list if it received a written request from her.

42.    During the aforesaid telephone call Defendant then informed Jessica that she owed a debt to Commerce.

43.     Jessica informed Defendant that she had never received documentation relative to the debt on which Defendant was attempting to collect.

44.     Jessica then requested that Defendant send her documentation relative to the debt that she owed.

45.     Defendant has not provided to Jessica, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

46.     On or about January 17, 2011, despite being advised that it was inconvenient for Jessica to receive telephone calls from Defendant on her cellular telephone number and despite being advised that her employer prohibited her from receiving calls from Defendant while she was at work, Defendant proceeded to initiate a telephone call to Jessica's cellular telephone number and leave Jessica a voicemail message.

47.     At no time during the course of the aforementioned voicemail message did Defendant apprise Jessica that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

48.     Again, on or about February 4, 2011, despite being advised that it was inconvenient for  Jessica to receive telephone calls from Defendant on her cellular telephone number and despite being advised that her employer prohibited her from receiving calls from Defendant while she was at work, Defendant proceeded to initiate a telephone call to Plaintiff's cellular telephone number and leave Jessica a voicemail message.

49.     Again, at no time during the course of the aforementioned voicemail message did Defendant apprise Jessica that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

50.     On or about February 4, 2011, subsequent to Defendant having initiated the aforementioned telephone call to Jessica, Jessica initiated a telephone call to Defendant.

51.     Jessica again requested that Defendant remove her cellular telephone number from its telephone call list.

52.     Defendant's duly authorized representative then raised her voice at Jessica and stated that Defendant had already removed her cellular telephone number from its call list.

53.     Defendant then checked its records and told Jessica that it had not yet removed Jessica's telephone number from its call list.

54.     In its attempts to collect the debt allegedly owed by Jessica to Commerce, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

a.  Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

b.  Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

c.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

d.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

e.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

8

f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

h. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

55. As a result of Defendant's violations as aforesaid, Jessica has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JESSICA MURPHEY, by and through her attorneys, respectfully prays for judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

56. Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**DAVID MURPHEY**
**& JESSICA MURPHEY**

By: ___s/ David M. Marco_____
Attorney for Plaintiffs

Dated: March 8, 2011

9

David M. Marco (Atty. No.: 6273315IL)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us